IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DENNIS MARTIN,                    )
                                  )
    Petitioner,               )
                                  )
v.                                )    Case No. CIV-15-682-D
                                  )
WARDEN BEAR,                      )
                                  )
    Respondent.               )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking habeas relief under 28 U.S.C. § 2241. [Doc. No. 1]. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 4]. The undersigned has preliminarily reviewed the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended the Petition be dismissed.

**I.    Factual Background**

Petitioner, who is incarcerated in the custody of the Oklahoma Department of Corrections (ODOC) and is currently confined at the Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma, filed this action June 23, 2015. [Doc. No. 1, at p. 1].[2] Petitioner initiated this action using the form entitled "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" but

---

[1] Rule 4 is applied in the discretion of the undersigned to this action for relief under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.
[2] Citations to the parties' pleadings and exhibits refer to this Court's CM/ECF pagination.

amended that heading by hand, adding: "and 29 U.S. § 794, sec. 504; 42 U.S.C. § 12101-235, titles (2)(3)(5)." *Id.* at p. 1.[3]

Petitioner lists the following grounds in support of his claim he is being held in violation of the federal Constitution: (1) "suspension of habeas-corpus, due-process and access to courts, by all Okla. Dist. Courts, Okla. State Supreme and Criminal Appeals Courts, as discrimination against Petitioner, because of his disabilities"; (2) "detention in state prison, after commutation / discharge of sentence, and ex-post-facto enhancement of punishment"; (3) "discrimination against Petitioner because of his disabilities"; and (4) "declaratory judgment of rights, statis when state courts refuse to comply with or enforce their own Dist. Court rules, statutes, constitution, in post convictions, habeas-corpus, ex-post-facto parole board rules, laws, composition that voids opportunity for consideration, and refusal to comply with sentencing courts orders of commitment." *Id.* at pp. 6-7. After each of these grounds, Petitioner checked the "yes" box indicating he had presented that particular ground "in all appeals that were available to [him]." *Id.* at pp. 6-7. For relief, Petitioner requests an injunction "compelling state courts to comply with, and enforce" a state court procedural rule and certain Oklahoma statutes. Petitioner also requests "habeas corpus release from Respondent's custody"; declaratory judgment on all issues; class-action certification; and the appointment of counsel. *Id.* at p. 8.

When prompted by the form petition to "[p]rovide more information about the decision or action [he is] challenging," Petitioner listed "Cleveland County Dist. Court; Oklahoma State Supreme Court; Okla. State Criminal Appeals Court; and J.H.C.C. State Prison at Lexington, Okla." as the "[n]ame or location of the agency or court." *Id.* Petitioner stated the case number

---

[3] Unless otherwise indicated, quotations from Petitioner's pleadings and attached exhibits are reproduced verbatim in this report. Petitioner's frequent use of underlines and the upper case for emphasis is omitted, however.

of the action he is challenging to be "WH-14-\_\_\_\_\_ and \_\_\_\_\_" and provided the same information as the "[d]ate of the decision or action" he is challenging. *Id.* Petitioner further indicated he had appealed the challenged decision but the appeal was denied. *Id.*

Petitioner attached only one exhibit to his Petition: a copy of the hand-written "Petition for Writ of Habeas Corpus Pursuant to 12 O.S. § 1334" he filed in Cleveland County District Court in Case No. WH-14-0008 on October 9, 2014 (the "2014 Application").[4] [Doc. No. 1-1, at pp. 1-3]. Petitioner neglected to attach any exhibits showing whether and how Cleveland County District Court ruled on his 2014 Application, or whether he appealed any such ruling to the Court of Criminal Appeals of the State of Oklahoma (OCCA). Publicly-available court records show Cleveland County District Court denied Petitioner's 2014 Application on March 16, 2015, citing his failure both to exhaust administrative remedies and to bring the action in the District Court of Sequoyah County, the situs of Petitioner's original judgment and sentence for first degree murder.[5] The Cleveland County District Court surmised that even if Petitioner had exhausted his administrative remedies and pursued the action in the proper court, his underlying claims would be without merit. *Id.*

In an Order dated September 22, 2015 [Doc. No. 9], this Court granted Petitioner's Motion to Supplement [Doc. No. 8], and add as an exhibit to his Petition a copy of OCCA's August 7, 2015 order regarding a different habeas application, Case No. WH-2015-24, which Petitioner filed in Cleveland County District Court on June 2, 2015 (the "2015 Application"). [Doc. No. 8-1]. In that order, OCCA declined to accept either appellate or original jurisdiction

---

[4] While the copy of the pleading Petitioner attached as an exhibit does not bear a file stamp, the date on which he filed it is available electronically via the Oklahoma Supreme Court Network. *See http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=wh-2014-8.*
[5] *See http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=wh-2014-8.*

3

over Petitioner's self-styled "Petition in Error and Appeal Brief," by which Petitioner sought review of Cleveland County District Court's dismissal of his 2015 Application for failure "to timely comply with previous orders that had directed him to supply costs or a proper pauper's affidavit" in support thereof. *Id*. Petitioner neglected to add as exhibits his underlying 2015 Application or the order of Cleveland County District Court dismissing it.

In light of this incomplete information, the Court ordered Petitioner to show cause why it should not dismiss his Petition without prejudice for failure to exhaust state court remedies and to identify the sentence he purports to challenge, as well as for his attempt to pursue § 1983 and § 2254 claims in an action brought pursuant to 28 U.S.C. § 2241. [Doc. No. 10]. In his timely Response to Show Cause Order [Doc. No. 11], Petitioner begins:

> This is not a 28 U.S.C. § 2254 or 42 U.S.C. § 1983 matter. Petitioner cannot read or write, and state prisons refuse to provide him access to a law libary or legal assistance because of his disabilities, that is a federal law issue under the Americans with Disabilities Act, a 2241 matter.

[Doc. No. 11, at p. 1]. Further declaring "[a] judgment and sentence has no revelence in a 2241 case," Petitioner attached three exhibits to his Response to Show Cause Order: (1) a notice of intent to appeal Cleveland County District Court's denial of his 2014 Application in Case No. WH-14-0008; (2) a summary judgment motion he filed in support of his 2014 Application in that same case; and (3) Cleveland County District Court's order denying his 2015 Application in Case No. WH-2015-24. *Id.* at 11-1, -2, -3.

## II. <u>Analysis</u>

### A. **Screening Requirement**

Rule 4 requires this Court to review habeas petitions promptly and "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The reviewing court also may deny an application for a writ of habeas corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2). In accordance with Rule 4, the undersigned has examined the Petition and recommends its dismissal on filing because Petitioner's claims fail on the merits.[6]

### B. Requisites for Habeas Relief

The writ of habeas corpus, 28 U.S.C. § 2241, "shall not extend to a prisoner unless" the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (*citing McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.*

Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). But a state court's failure to follow its own rules warrants habeas relief if such failure also constituted a violation of due process guaranteed by the federal Constitution. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). This requires a showing that "the deprivation occasioned by the state's failure to follow its own law [is] 'arbitrary in the constitutional sense';

---

[6] While it further appears Petitioner failed to exhaust his state court remedies regarding either his 2014 or 2015 Application, because the claims underlying both applications lack merit, the Court recommends the Petition be denied on those grounds. *See* 28 U.S.C. § 2254(b)(2).

that is, it must shock the judicial conscience." *Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999) (*citing Collins v. City of Harker Heights*, 503 U.S. 115, 129-30 (1992)).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, summary dismissal is appropriate where the facts alleged are "vague" or "conclusory," or are "palpably incredible" or "patently frivolous or false" when compared to the record before the district court. *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (internal quotation marks omitted) (*citing Herman v. Claudy*, 350 U.S. 116 (1956)); *see Wilcox v. Aleman*, 3 F. App'x 920, 922 (10th Cir. 2001).

### C. Petitioner's Pleading

The well-pled facts summarized below, accepted as true, do not state any claim for federal habeas relief. As an initial matter, the "petition contains so many unintelligible and conclusory allegations and statements" that it is nearly "impossible to ascertain the exact errors of fact or law raised for the court's disposition." *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001). Indeed, it is difficult to discern whether Petitioner "seeks habeas relief under § 2254 or § 2241, or if [the pleading] is actually intended to initiate a civil rights action under 42 U.S.C. § 1983 against various state officials." *Id.* [Doc. No. 1 at p. 2 (challenging both "[h]ow [Petitioner's] sentence is being carried out" and "the validity of [his] conviction or sentence as imposed.")].

> 1. *The State Law Violations Petitioner Alleges in Grounds One, Two, and Four Do Not Present Cognizable Federal Habeas Claims*

Petitioner premises the first, second, and fourth grounds in support of his Petition on alleged violations of state law. In Ground One, Petitioner asserts the Oklahoma courts

suspended "habeas-corpus, due-process and access to courts . . . as discrimination against Petitioner, because of his disabilities." [Doc. No. 1, at p. 6]. In support, Petitioner claims the District Court of Cleveland County, Oklahoma "refus[ed] to comply with 12 O.S. § 1333-1334" despite "all habeas claims, under state law, in state courts [being] confessed as true." *Id.* In Ground Two, Petitioner contends his "[d]etention in state prison, after commutation/discharge of sentence, and ex-post-facto enhancement of punishment violates the U.S. Constitution and laws" because "in state courts, all habeas claims were confessed true, but all state courts suspended habeas corpus, and due process, and refuse to comply with their own statutes and constitution." *Id*. In Ground Four, Petitioner asserts without explanation that the "state courts refuse to comply with or enforce their own Dist. Court rules, statues, constitution, in post convictions, habeas-corpus, ex-post-facto parole board rules, laws, composition" and that this "voids opportunity for consideration" and constitutes a "refusal to comply with sentencing court's orders of commitment." *Id.* at p. 7.

All three of these grounds focus on the Oklahoma courts' alleged misapplication of state law and court rules in rejecting Petitioner's state-court habeas petitions. [Doc. No. 1, at pp. 6-7]. Petitioner misapprehends the purpose of a federal habeas corpus action and this Court's power over state-court decisions. The Court's federal habeas review is limited to determining whether Petitioner is "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68; *see also Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("We discuss only the federal constitutional issues involved in this case."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that where "the constitutional error [petitioner] raises focuses only on the State's post-conviction

7

remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." (citations omitted)).

The relief Petitioner seeks – "[a]n injunctive order compelling state courts to comply with, and enforce their own court rule[s]" and state statutes, *id.* at p. 8. – is equally problematic. This Court is without jurisdiction to command state officials because the statutory power to grant such writs is provided only against federal officials. 28 U.S.C. § 1361; *see Cobray v. Mullins*, No. CIV-07-412-R, 2007 WL 1500179, at *2 (W.D. Okla. May 21, 2007) (unpublished) (explaining "a federal district court's mandamus power extends only to federal officials or agencies, and thus, this Court has no authority under the mandamus provision to direct a state judge's actions as Petitioner requests."); *Harris v. Dep't of Corr.*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) ("The district courts of the United States are courts of limited jurisdiction and are without authority to serve as an appellate or reviewing court for alleged illegal actions in state court."); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) ("Federal district courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'") (*quoting District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317 (1983).

"[F]ederal courts hold no supervisory power over state judicial proceedings" and, generally, lack authority to direct state courts or their judicial officers in the performance of their duties. *Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994); *see Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) ("[T]his court's role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights."); *see Whitmore v. Jones*, No. CIV-10-1346-M, 2011 WL 4376351, at *4 (W.D. Okla. Aug. 16, 2011) (unpublished

recommendation) ("Federal courts do not sit as 'super-appellate' courts to reconsider state court decisions."), *adopted* 2011 WL 4383372 (W. D. Okla. Sept. 20, 2011) (unpublished order), *appeal dismissed*, 457 F. App'x 749 (10th Cir. 2012). This Court does not have the authority to order state courts to comply with their own rules.

Accordingly, the undersigned recommends that Grounds One, Two, and Four be dismissed without prejudice to the extent they raise purely state-law claims because they are not cognizable under 28 U.S.C. § 2241(c)(3). *See, e.g., Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083 (2001) (holding petitioner's state-law claims not cognizable in habeas proceeding).

### 2. *Petitioner's Challenge to His Transfer to a Privately-Operated Prison Fails on the Merits*

In support of his assertions in Grounds Two and Four, Petitioner attached to the Petition a copy of his 2014 Application that, liberally construed, asserts Petitioner is being held in violation of the U.S. Constitution because his "administrative transfer out-of-state, to a private contractor's custody" in a privately-run prison "was equivalent to a pardon" and effectively "commuted" his sentence to time served. [Doc. No. 1-1, at p. 2]. While this claim may be cognizable under § 2241 to the extent it alleges Petitioner's continued confinement after the transfer violates federal law, it fails on the merits for at least two reasons.

First, the fact that Petitioner was transferred to a private prison does not deprive him of any liberty interest protected by the Due Process Clause in and of itself. In *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), the Tenth Circuit rejected a habeas petition by which an inmate challenged the continuing validity of his criminal sentence in light of his transfer from a state-operated prison in Wyoming to a privately-run correctional facility in Texas. While deciding the claim may be raised procedurally under § 2241, the Tenth Circuit rejected it on the merits

9

without allowing exhaustion explaining "[t]his court has determined that '[n]either the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another.'" *Id.* at 865-66 (*quoting Barr v. Soares*, No. 99-1003, 1999 WL 454364, at *1 (10th Cir. July 6, 1999) (unpublished)). "Moreover," the Tenth Circuit held, "there is no federal constitutional right to incarceration in any particular prison or portion of a prison." *Id.* at 866 (*citing Twyman v. Crisp*, 584 F.2d 352, 355-56 (10th Cir. 1978)). The Tenth Circuit reaffirmed this holding a few months later in *Rael*, 223 F.3d at 1154, in concluding an inmate's challenges to his confinement in private prison, based as they were upon various state laws and contractual provisions, were state law claims not cognizable in a § 2241 action. *Id.*; *see Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) ("[A]n inmate transfer, including one from Hawaii to California, does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself"); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons." (emphasis in original)).[7]

Second, Petitioner fails to identify any state statutes or constitutional provisions that create a federally-protected liberty interest in being incarcerated in a state-run correctional facility. While the Oklahoma constitution does provide that "[n]o person shall be transported out of the State for any offense committed within the State, nor shall any person be transported out of the State for any purpose, without his consent, except by due process of law . . . ," OKLA.

---

[7] Petitioner's transfer did not "commute" his state sentence to time served as a matter of federal law, either. *Cf. Bridges v. United States*, 17 F. App'x 818, 820-21 (10th Cir. 2001) ("The federal government did not constructively pardon Mr. Bridges or commute his federal sentence when he was returned to state prison. . . . Nor did Kansas relinquish any rights when it turned Mr. Bridges over to the federal government."); *Frazier v. Figueroa*, No. CIV-08-496-HE, 2009 WL 36913, at *1, *3 (W.D. Okla. Jan. 5, 2009) (unpublished) (rejecting § 2241 claim based on assertion that Colorado "commuted" the petitioner's sentence by transferring him from a Colorado facility to a private prison in Oklahoma).

CONST., art. 2, § 29, Petitioner does not allege, and has provided no evidence that, he was ever transferred out of state.[8] In any event, the Oklahoma Supreme Court has held an inmate "does not have a substantial personal right in the situs of his confinement" because his liberty interest "has been extinguished to the point that the state may confine him where it wishes." *Morris v. Meachum*, 718 P.2d 1354, 1356 (Okla. 1986). In addition, Oklahoma law provides that "[w]henever a person is convicted of a felony and is sentenced to imprisonment that is not to be served in a county jail, the person shall be committed to the custody of the Department of Corrections and shall be classified and assigned to a correctional facility or program designated by the Department and authorized by law." OKLA. STAT. tit. 57, § 521(A).

Petitioner likewise fails to identify any state law limiting ODOC officials' discretion or authority to transfer convicted prisoners between state and private facilities within the state of Oklahoma, let alone legislation mandating a prisoner's sentence be commuted to time served in the event such a transfer occurs. *See Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2010) ("For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met."); *cf. Dopp v. Patton*, No. CIV-14-453-D, 2014 WL 3700852, at *2 (W.D. Okla. July 25, 2014) (unpublished) ("In Oklahoma, like most states, commutation of a prison sentence . . . is necessarily a speculative event. The decision to commute a sentence lies solely within the discretion of the Governor, and a prisoner has no claim of entitlement or expectation that it will occur." (*citing* OKLA. CONST., art. VI, § 10; OKLA. STAT. tit. 57, §§ 332 & 332.2(A))). To the contrary, "Oklahoma law specifically provide[s] for such transfers." *Frazier*, 2009 WL 36913, at *3

---

[8] Nor has Petitioner supplied the date of his challenged transfer to a private, in-state prison, or the name of the facility to which he allegedly was transferred. Petitioner currently is confined at JHCC, a state-operated prison in Lexington, Oklahoma. [Doc. No. 1].

(*citing* OKLA. STAT. tit. 57, § 563.2); *see also* OKLA. STAT. tit. 57, § 561(A) ("The Department of Corrections is hereby authorized to provide for incarceration . . . at facilities other than those operated by the Department of Corrections.").

Because the facts alleged by Petitioner, even if assumed to be true, fail to show his continued custody violates the Constitution or other federal law, he has not stated a claim for which relief can be granted under § 2241. Accordingly, the undersigned recommends that Grounds Two and Four, to the extent they are based on an alleged commutation of Petitioner's sentence, be dismissed with prejudice.

3.  *This Court Lacks Jurisdiction over Petitioner's Discrimination Claims*

In Ground Three, Petitioner argues he is being discriminated against on the basis of his disabilities and gender in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997, *et seq*.; as well as the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Petitioner's limited explanation of this claim is that Respondent and all Oklahoma courts have discriminated against him:

> because of Petitioners disabilities of not being able to hire counsel, or access funds, or a fully-stocked law libary, up to date, utilize a computer, have assistance of trained legal assistants, because of his disabilities of being male and not female, too poor to hire counsel, because change in law took away his rights to commutation or parole consideration, because the parole board is composed of 100% law-enforcement members, in violation of the separation of powers clause of our U.S. Constitution, Okla. has not only suspended habeas, but also the U.S. Constitution.

[Doc. No. 1, at p. 7]. In his Response to Show Cause Order, Petitioner insists he "can not read or write, and state prisons refuse to provide him access to a law libary or legal assistance because of his disabilities, that is a federal law issue under the American with Disabilities Act, a 2241 matter." [Doc. No. 11, at p. 1]. Petitioner further contends:

> [s]ection 504 of the 1973 Rehabilitation Act, and Titles (2) and (3) on public entities of the Americans with Disabilities Act, mandates that no state that receives federal funds can discriminate against male prisoners by placing mostly men in private prisons to keep from releasing them on parole or commutation while releasing female prisoners who committed far worse crimes, or are serving far longer sentences, but Respondents are doing it, warranting the granting of habeas relief, thus, supporting habeas corpus of/for Petitioner, for suspending due process, equal protection and access to courts, because of his disabilities.

*Id.* As a final matter, Petitioner claims:

> [w]hen the state bases it acts of creating laws for the sole reason to receive federal grant money and increase state's stock profits it is invested in, it is not for justice or punishment for crime anymore, but a discriminatory punishment created for profit, violating the Americans with disabilities Act, and any further incarceration of this Petitioner violates the constitution.

*Id.* at p. 6.

Constitutional attacks upon conditions of confinement that do not affect the fact or duration of that confinement are not grounds for federal habeas corpus relief and are therefore not cognizable in a habeas corpus petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that 'core' [of habeas corpus]"); *Rael*, 223 F.3d at 1154 (holding federal claims challenging the conditions of confinement generally do not arise under § 2241). "If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement," then he must bring the former claim in a separate civil rights action, *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973), because it is not cognizable under § 2241, *Palma-Salazar*, 677 F.3d at 1036, and "we lack jurisdiction to consider his claim." *Buhl v. Berkebile*, 612 F. App'x 539, 540 (10th Cir. 2015) (*citing Palma-Salazar*, 677 F.3d at 1038). Thus, with respect to his discrimination claims, Petitioner must file a separate action under 42 U.S.C. § 1983. *Hornsby v. Jones*, 2010 WL 597936 at *10 (W.D. Okla., Feb. 17, 2010) (unpublished) ("Petitioner's habeas claim fails to rise to the level of a constitutional violation, and his claims

relating to the conditions of his confinement must be brought in a separate action pursuant to 42 U.S.C. § 1983."), *appeal dismissed,* 392 F. App'x 653 (10th Cir., Aug. 20, 2010). Accordingly, the undersigned recommends that Ground Three be dismissed without prejudice.

## RECOMMENDATION

For the stated reasons, the undersigned recommends the court dismiss Petitioner's Petition for Writ of Habeas Corpus. [Doc. No. 1]

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by February 17, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the named Respondent for informational purposes.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERRED this 28th day of January, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE