IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-682-D |
| | ) | |
| WARDEN BEAR, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 12] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening, Judge Jones recommends that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed without prejudice for failure to present cognizable federal habeas claims[1] and failure on the merits,[2] and that Petitioner's discrimination claim be dismissed without prejudice for lack of jurisdiction.[3] Petitioner has filed a timely objection [Doc. No. 13]. Thus, the Court must make a *de novo* determination of the portions of the report to which a specific objection is made, and may accept, modify,

---

[1] Grounds one, two, and four of the Petition raise purely state-law claims.

[2] The magistrate judge reasoned that Petitioner's transfer to a privately-operated prison did not deprive him of any liberty interest protected by the Due Process Clause in and of itself, and Petitioner failed to identify any state statutes or constitutional provisions that were violated by his incarceration in a state-run correctional facility. Further, Petitioner failed to identify any state law limiting Oklahoma Department of Corrections officials' discretion or authority to transfer convicted prisoners between state and private facilities within the state, nor did he identify any legislation mandating that such transfer commuted his sentence to time served.

[3] Petitioner's discrimination claims are not cognizable in this habeas corpus action.

or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Upon consideration of Petitioner's objection, the Court discerns no issue to be decided. Petitioner does not address in an intelligible manner the Court's limited power over state-court actions or its restricted mandamus power, both discussed by Judge Jones, nor does Petitioner intelligibly discuss the Court's jurisdiction to grant other relief sought by his Petition. Upon *de novo* review of the Report, the Court finds Judge Jones' analysis is correct, and concurs in his recommendations.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED. The Petition is denied without prejudice to refiling. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 22nd day of February, 2016.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　TIMOTHY D. DeGIUSTI
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE